IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAC HOME LOANS SERVICING, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2539 |
| | § | |
| TEXAS REALTY HOLDINGS, LLC, | § | |
| et al., | § | |
| | § | |
| Defendants, | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] are Plaintiff's requests for entry of default against:  1) Defendant Texas Realty Holdings, LLC, ("TRH") (Docket Entry No. 44); 2) Defendant Lance Kerness ("Kerness") (Docket Entry No. 101); 3) Defendant Charles Cowin ("Cowin") (Docket Entry No. 51); and 4) Defendant Nancy Groves ("Groves") (Docket Entry No. 81).[2]  The court has considered the requests.  For the reasons set forth below, the court **RECOMMENDS** that Plaintiff's requests for entry of default against Defendants TRH and Kerness be **GRANTED** and its requests for entry of default against Defendants Charles Cowin and Nancy Groves be **DENIED**.

## I.  Procedural Background

On August 7, 2009, Plaintiff filed this lawsuit accusing

---

[1]     This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Docket Entry No. 10.

[2]     Also pending are numerous other motions that will be addressed separately.

Defendants of violations of the Racketeer Influenced and Corrupt Organizations Act,[3] the Texas Uniform Fraudulent Transfer Act,[4] and the Texas Tax Code, among other laws, based on an allegedly fraudulent scheme involving the purchase and sale of real estate.[5] Summonses issued on August 10, 2009, for all named defendants.[6] Of particular relevance to the pending requests for entry of default are the delivery of the summonses to Defendants TRH, Kerness, Cowin, and Groves.

Defendant TRH

Plaintiff sent Defendant TRH service of process by certified mail, return receipt requested,[7] on August 17, 2009.[8] The return receipt was addressed to Defendant TRH in care of Nevada Corporate Headquarters, Inc., Defendant TRH's registered agent.[9] The person

---

[3]   18 U.S.C. §§ 1961-1968.

[4]   Tex. Bus. & Com. Code §§ 24.001-24.013.

[5]   See Plaintiff's First Amended Complaint, Docket Entry No. 66.

[6]   See Docket Entry dated August 10, 2009.

[7]   The court notes, without attributing significance, that the copies pair the return receipts for Defendants Kerness and TRH with mailing receipts for Defendants Groves and Nick Tran.  See Return of Service for Defendants TRH and Kerness, Docket Entry No. 79, p. 2, Ex. A, Copies of Return Receipts; Plaintiff's Request for Entry of Default Against Defendant TRH, Docket Entry No. 44, Ex. B-2, Copies of Return Receipts.  The court is most concerned with the information contained in the return receipts.

[8]   See Return of Service for Defendants TRH and Kerness, Docket Entry No. 79, p. 2, Ex. A, Copies of Return Receipts; Plaintiff's Request for Entry of Default Against Defendant TRH, Docket Entry No. 44, Ex. B, Affidavit of Joshua J. Bennett dated Dec. 15, 2009, ¶¶ 5-6, Ex. B-2, Copies of Return Receipts.

[9]   See Return of Service for Defendants TRH and Kerness, Docket Entry No. 79, Ex. A, Copies of Return Receipts; Plaintiff's Request for Entry of Default Against Defendant TRH, Docket Entry No. 44, Ex. B, Affidavit of Joshua J. Bennett dated Dec. 15, 2009, ¶¶ 5-6, Ex. B-1, Nevada Secretary of State

2

who signed for receipt of the papers was J. Rodriguez.[10]   Neither

the "Agent" nor the "Addressee" box is marked on the receipt, and

no other information is provided about J. Rodriguez's relation to

Defendant TRH or its registered agent.[11]   Based on this attempt at

service, Plaintiff filed the pending request for entry of default

against TRH on December 17, 2009.[12]

On February 24, 2010, Marco Lardizabal ("Lardizabal"), a

process server, hand-delivered copies of the summons and the

original complaint with exhibits to Defendant TRH in care of

Defendant Kerness.[13]   The Nevada Secretary of State identified

Defendant Kerness under the heading "Officers" as Defendant TRH's

manager.[14]

As of the date of this memorandum, Defendant TRH has not filed

an answer or otherwise appeared in this lawsuit.

Defendant Kerness

---

Records, Ex. B-2, Copies of Return Receipts.

[10]    See Return of Service for Defendants TRH and Kerness, Docket Entry
No. 79, Ex. A, Copies of Return Receipts; Plaintiff's Request for Entry of
Default Against Defendant TRH, Docket Entry No. 44, Ex. B-2, Copies of Return
Receipts.

[11]    See id.; Plaintiff's Request for Entry of Default Against Defendant
TRH, Docket Entry No. 44, Ex. B, Affidavit of Joshua J. Bennett dated Dec. 15,
2009.

[12]    See Plaintiff's Request for Entry of Default Against Defendant TRH,
Docket Entry No. 44.

[13]    See Return of Service for Defendants TRH and Kerness, Docket Entry
No. 79, p. 2; Ex. B, Affidavit of Service.

[14]    See Plaintiff's Request for Entry of Default Against Defendant TRH,
Docket Entry No. 44, Ex. B-1, Nevada Secretary of State Records.

Plaintiff used the same methods of service of process for Defendant Kerness as for Defendant TRH.[15]  On August 17, 2009, J. Rodriguez received service of process and signed as agent for Defendant Kerness.[16]  In January 2010, the court reissued a summons to Defendant Kerness.[17]  On February 24, 2010, at the time of personal delivery of the summons addressed to Defendant TRH, Lardizabal also hand-delivered the summons addressed to Defendant Kerness.[18]

Plaintiff filed the pending request for entry of default on April 9, 2010.[19]  Defendant Kerness has not appeared in the lawsuit as of the present date.

Defendant Cowin

Lardizabal personally served Defendant Cowin on November 3, 2009.[20]  Sixty-six days after service, during which time Defendant Cowin failed to answer or defend Plaintiff's complaint, Plaintiff

---

[15]    See Return of Service for Defendants TRH and Kerness, Docket Entry No. 79, p. 2, Ex. B, Affidavit of Service.

[16]    See Return of Service for Defendants TRH and Kerness, Docket Entry No. 79, Ex. A, Copies of Return Receipts; Plaintiff's Request for Entry of Default Against Defendant Kerness, Docket Entry No. 101, Ex. B, Affidavit of Joshua J. Bennett dated April 9, 2010, ¶ 5, Ex. B-2, Copies of Return Receipts.

[17]    See Docket Entry Dated January 13, 2010.

[18]    See Return of Service for Defendants TRH and Kerness, Docket Entry No. 79, p. 2, Ex. B, Affidavit of Service.

[19]    See Plaintiff's Request for Entry of Default Against Defendant Kerness, Docket Entry No. 101.

[20]    Proof of Service, Docket Entry No. 32; Plaintiff's Request for Entry of Default Against Defendant Cowin, Docket Entry No. 51, Ex. B, Proof of Service.

4

filed a request for entry of default against Defendant Cowin.[21]

Defendant Cowin filed an answer three days later.[22] Defendant Cowin e-mailed court staff an ex parte request that the court hear his answer because, he claimed, he did not know that he had been served.[23] Defendant Cowin has participated in the lawsuit since answering, filing a motion to dismiss or for more definite statement, among other contacts with the court.[24]

Defendant Groves

In August 2009, Plaintiff attempted service via certified mail, return receipt requested, to a post office box that Defendant Groves listed as her address on a deed of trust not related to this case.[25] The post office returned the mailing to Plaintiff undelivered about a month later.[26] Plaintiff attempted to serve Defendant Groves personally through a process server at a

---

[21]    See Plaintiff's Request for Entry of Default Against Defendant Cowin, Docket Entry No. 51.

[22]    See Defendant Cowin's Original Answer, Docket Entry No. 52.

[23]    The e-mail from Defendant Cowin to court staff dated Jan. 11, 2010, is not docketed.

[24]    See, e.g., Defendant Cowin's Motion for Extension of Time to Respond to Amended Complaint, Docket Entry No. 72; Defendant Cowin's Motion to Dismiss or for More Definite Statement, Docket Entry No. 106.
    As an aside, Defendant Cowin filed for bankruptcy and was severed from the case for a brief period. See Order of Severance, Docket Entry No. 88. Upon reconsideration, the court restored Defendant Cowin to the lawsuit. See Order Vacating Court's Order Severing Defendant Cowin, Docket Entry No. 103.

[25]    See Plaintiff's Request for Entry of Default Against Defendant Grove, Docket Entry No. 81, Ex. D, Affidavit of Joshua J. Bennett dated Mar. 5, 2010, ¶ 7.

[26]    See id.

5

homeowner's association foreclosure sale, but Defendant Groves could not be located.[27]

Plaintiff then sent the summons and attachments to Defendant Groves' post office box again via certified mail in November 2009.[28] On that occasion, an individual named Jose Gonzales signed the return receipt.[29]

In December 2009, Plaintiff requested additional time to serve Defendant Groves.[30]   The court allowed an extension of time for service until January 15, 2010.[31]   Plaintiff requested a second extension of time in January, which the court also granted.[32]

In the meantime, Plaintiff's counsel hired a private investigator to determine Defendant Groves' place of abode.[33]   After

---

[27]   Plaintiff's Unopposed Motion to Enlarge Time to Serve Defendants with Process, Docket Entry No. 40, Ex. A, Affidavit of Joshua J. Bennett dated December 4, 2009, ¶ 7.

[28]   See Plaintiff's Request for Entry of Default Against Defendant Grove, Docket Entry No. 81, Ex. D, Affidavit of Joshua J. Bennett dated Mar. 5, 2010, ¶ 8.

[29]   See id.; Ex. D-5, Return Receipt.

[30]   See Plaintiff's Unopposed Motion to Enlarge Time to Serve Defendants with Process, Docket Entry No. 40.  The motion listed several other unserved defendants as well, but service of those defendants is not at issue in the pending requests for default judgment.  See id.

[31]   See Order Dated Dec. 8, 2009, Docket Entry No. 41.  The order inadvertently sets the deadline for service as Jan. 15, 2009.  See id.

[32]   See Unopposed Emergency Second Motion for Extension of Time to Serve Defendants with Process, Docket Entry No. 46; Order Dated Jan. 8, 2010, Docket Entry No. 50.

[33]   Plaintiff's Second Unopposed Motion to Enlarge Time to Serve Defendants with Process, Docket Entry No. 46, Ex. A, Affidavit of Joshua J. Bennett dated Jan. 6, 2010, ¶ 8; Ex. E, Affidavit of Cameron Crowley, ¶ 2; Plaintiff's Emergency Unopposed Motion to Serve Defendant Groves by Substitute Service, Docket Entry No. 49, Ex. A, Affidavit of Joshua J. Bennett dated Jan.

a process server attempted unsuccessfully to personally serve Defendant Groves at 12414 Lago Bend Lane in Houston, the address discovered by the private investigator, Plaintiff sought court approval of substitute service.[34]  On January 28, 2010, the court granted the motion and ordered Plaintiff to post copies of the summons, the complaint, and the order on the door of 12414 Lago Bend Lane.[35]  On February 2, 2010, Lardizabal completed service in the manner described in the court order.[36]

Plaintiff filed the pending request for entry of default on March 3, 2010.[37]  A month later, Defendant Groves filed an answer pro se.[38]  The record indicates that the filing of an answer has been Defendant Groves' only contact with the court.  In fact, Defendant Groves failed to attend a preliminary injunction hearing held on May 19, 2010, despite being notified by mail and e-mail.[39]

## II.  Legal Standard for Entry of Default and Default Judgment

Federal Rule of Civil Procedure ("Rule") 55(a) allows for the

---

6, 2010, ¶ 6.

[34]    See id. at Ex. F, Affidavit of Dan Hargett, ¶¶ 3-7; Plaintiff's Emergency Unopposed Motion to Serve Defendant Groves by Substitute Service, Docket Entry No. 49, pp. 2-3, Ex. A, Affidavit of Joshua J. Bennett dated Jan. 6, 2010, ¶ 7.

[35]    See Order Dated Jan. 28, 2010, Docket Entry No. 64.

[36]    See Proof of Service, Docket Entry No. 67.

[37]    See Request for Entry of Default against Defendant Groves, Docket Entry No. 81.

[38]    See Defendant Groves' Original Answer, Docket Entry No. 99.

[39]    See Minute Entry Order, Docket Entry No. 112.

7

entry of default as follows:  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  After the entry of default, a plaintiff may request judgment based on the default.  N.Y. Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996).  Rule 55(b)(2) addresses default judgment entered by the court, stating that the plaintiff must apply for a default judgment.  The court may hold an evidentiary hearing to determine the amount of damages.  Fed. R. Civ. P. 55(b)(2).

Naturally, a defendant targeted for default must have been served in order to be held accountable for not answering.  Cf. Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 940 (5th Cir. 1999)(addressing whether an out-of-state defendant was properly served).  Absent proper service of process, the court lacks jurisdiction over the defendant.  Id.  A default judgment granted under such conditions is void.  Id.

Federal Rule of Civil Procedure 4(e)(1) provides that service of process may be made on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Rule 4(h)(1)(A) provides that service on a corporation may be "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Alternatively, an individual or a business

8

entity may be served by hand-delivering copies of the summons and the complaint.[40]  Fed. R. Civ. P. 4(e)(2)(A), (h)(1)(B).

The state law applicable here is, of course, that of Texas. For service of process under Texas law, personal delivery or registered or certified mail with return receipt requested is allowed.  Tex. R. Civ. P. 106.  A corporation must be served through its registered agent.  <u>All Commercial Floors, Inc. v. Barton & Rasor</u>, 97 S.W.3d 723, 727 (Tex. App.—Fort Worth 2003, no pet.).

Texas Rule of Civil Procedure 107 requires that when service of process is accomplished by registered or certified mail, the return of service "must also contain the return receipt with the addressee's signature."  If the return receipt is not signed by the addressee or its registered agent, the service of process is defective.  <u>Sw. Sec. Servs.,Inc. v. Gamboa</u>, 172 S.W.3d 90, 92 (Tex. App.—El Paso 2005, no pet.); <u>Bronze & Beautiful, Inc. v. Mahone</u>, 750 S.W.2d 28, 29 (Tex. App.—Texarkana 1988, no writ).

If a plaintiff attempts unsuccessfully to serve a defendant by either personal delivery or certified mail, the plaintiff may move the court to allow substitute service.  Tex. R. Civ. P. 106(b). Substitute service may be accomplished by leaving the summons with anyone over the age of sixteen at the defendant's usual place of

---

[40]    Rule 4 also authorizes other methods of service not attempted with the defendants addressed in the pending requests for entry of default.

business or abode or other place where the defendant is likely to be found or by any other manner shown to be reasonably effective to provide notice to the defendant.  Id.  Texas courts require strict compliance with the method prescribed in a court order for substitute service.  See e.g., Dolly v. Aethos Commc'ns. Sys., Inc., 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.)(stating that, when a court orders substitute service, the order is the "only authority" for the proper method of service).

As mentioned above, personal service is also allowed under both federal and state law.  Under federal law, personal service is effectuated by hand-delivering copies of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

### III.  Analysis

Plaintiff seeks the entry of default against each of the following four defendants:  TRH, Kerness, Cowin, and Groves.  The court addresses each separately.

<u>Defendant TRH</u>

Plaintiff initially attempted service on Defendant TRH by certified mail.  The service was legally insufficient, however, because the return receipt was signed by J. Rodriguez, whom Plaintiff failed to show to be an appropriate signer on behalf of Defendant TRH's registered agent, Nevada Corporate Headquarters,

Inc.   <u>See</u> <u>Sw. Sec. Servs.,Inc.</u>, 172 S.W.3d at 92.

In a second attempt, Plaintiff successfully served Defendant TRH personally through one of its principals, Defendant Kerness. Therefore, Defendant TRH was served on February 24, 2010, and was allowed twenty-one days to answer under the Rule 12.[41]   Because Defendant TRH still has not answered Plaintiff's complaint more than ninety days after effective service or made any appearance in the case, the entry of default is warranted.

<u>Defendant Kerness</u>

As with Defendant TRH, service by certified mail on Defendant Kerness was defective.  J. Rodriguez signed for the summons as an agent for Defendant Kerness; however, Texas law requires that an individual addressee sign the return receipt himself.  <u>See</u> <u>Sw. Sec. Servs.,Inc.</u>, 172 S.W.3d at 92.

On February 24, 2010, service of process was successfully completed upon personal delivery on Defendant Kerness.  Despite receiving the summons and complaint as authorized by the law, Defendant Kerness has failed to answer or appear in this action. Far more than twenty-one days have transpired at this point.  The entry of default as to Defendant Kerness should be granted.

<u>Defendant Cowin</u>

Plaintiff effectuated service on Defendant Cowin on November

---

[41]     Amendments to Rule 12 that became effective on December 1, 2009, extended the deadline for answering from twenty to twenty-one days after service. <u>See</u> Fed. R. Civ. P. 12 and Advisory Committee Notes.

3, 2009, through personal delivery.

Although Defendant Cowin failed to timely answer Plaintiff's complaint, he since has appeared, answered, and filed a dispositive motion.   Entry of default is no longer appropriate against Defendant Cowin.

<u>Defendant Groves</u>

In accordance with the method required by the court for substitute service, Plaintiff delivered the summons, complaint, and other attachments to Defendant Groves on February 2, 2010. Defendant Groves missed the deadline for filing an answer by more than a month.   She has had no other contacts with the court. Despite Defendant Groves' apparent inattention to this lawsuit, the court finds her answer sufficient to postpone an entry of default. Should Defendant Groves fail to defend this lawsuit in the future, the court will entertain a second motion for entry of default.

## IV.   Conclusion

Based on the foregoing, the court **RECOMMENDS** that Plaintiff's requests for entry of default against Defendants TRH and Kerness be **GRANTED** and its requests for entry of default against Defendants Charles Cowin and Nancy Groves be **DENIED**.   Upon motion, the court will schedule a hearing to determine damages before entering default judgment against Defendants TRH and Kerness.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days

12

from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 8th day of June, 2010.

Nancy K. Johnson
United States Magistrate Judge

13