IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAC HOME LOANS SERVICING, L.P.<br>Plaintiff, | §<br>§<br>§ | |
| | § | |
| V. | § | 4:09-CV-2539 |
| | § | **JURY DEMAND** |
| TEXAS REALTY HOLDINGS, LLC, et. al<br>Defendants. | §<br>§<br>§ | |

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

**NOW COMES** Defendant, NANCY GROVES, and objects to Plaintiff's Proposed Findings of Fact and Conclusions of Law and would show the Court the following.

These objections are timely filed; before the Magistrate makes her recommendation.

The Court should not adopt the Plaintiff's Proposed Findings of Fact and Conclusions of Law because Defendant NANCY GROVES was denied due process and her opportunity to be heard at the preliminary injunction hearing held on May 19, 2010.  Defendant's notice of the hearing from the United States District Clerk's Office bears a postmark of May 18, 2010. Obviously Defendant NANCY GROVES did not receive timely notice of the hearing and was not present to present evidence on May 19, 2010. Therefore this Court should allow her the opportunity to present reasons why her omitted evidence should be accepted.  There is no likelihood of unfair prejudice to Plaintiff if this evidence is accepted.  Specifically, Defendant NANCY GROVES

would have asserted her jurisdictional arguments had she been properly notified of the preliminary injunction hearing held on May 19, 2010. Plaintiffs have not shown the substantial likelihood that it will prevail on the merits of its federal jurisdictional claim. Specifically Plaintiff must allege the following elements for a RICO claim: (1) that a "person" within the scope of the statute, (2) has utilized a "pattern of racketeering activity" with the proceeds thereof, (3) to infiltrate an interstate "enterprise", (4) by [violations of section 1962 subsections] (a) investing income derived from the pattern of racketeering activity in the enterprise; (b) acquiring or maintaining an interest in the enterprise through the pattern of racketeering activity; (c) conducting the affairs of the enterprise through the pattern of racketeering activity; and (d) conspiring to commit any of the above acts. A RICO claim must be pled with specific facts, not mere conclusions, which establish the elements of a claim under the statute. Plaintiff's Complaint fails to assert facts sufficient to establish the elements of a RICO claim against Defendant NANCY GROVES. Indeed, Plaintiff's have done nothing more than weave a fanciful tale full of self serving opinions(stated as facts) and flights of imagination that totally fail to establish a violation of the RICO statute or any other statute.

## OBJECTION TO PLAINTIFF'S FINDINGS OF FACT

Defendant objects to BAC Home Loans Servicing, L.P.'s assertion as fact in paragraph **1** that it is a Texas partnership authorized to do business in the State of Texas, and is a citizen of North Carolina.

Defendant objects to BAC Home Loans assertion as a fact in paragraph **3** that Nancy Groves participated in a complex scheme designed to extinguish the lien interests of mortgagees like BAC, and deprive such mortgagees of the excess proceeds resulting from the transferred

tax-lien foreclosure sales Groves helped execute.

Defendant objects to Plaintiff's assertion as fact in paragraph **4** that the scheme at issue has four main steps.  There is no evidence before the court that establishes a scheme, merely Plaintiff's mischaracterization of ordinary business transactions as a scheme.

Defendant objects to Plaintiff's assertion as fact in paragraph **5** that she took the first of these steps on August 8, 2007, when she purchased Unit 14 of the Paramount Lofts Condominiums at the condominium associations' foreclosure sale for roughly $4,800.00.

Defendant objects to Plaintiff's assertion as fact in paragraph **6** that her purchase of the property was subject to BAC's pre-existing interest in the property.

Defendant objects to Plaintiff's assertion as fact in paragraph **7** that her actions were designed to purge all prior interests in the property from the chain of title.

Defendant objects to Plaintiff's assertion as fact in paragraph **8** that the she purchased the property because the property taxes were past due.   Plaintiff has provided no evidence to support their allegation as to Defendant's motive to purchase real property.

Defendant objects to Plaintiff's assertions as facts in paragraphs 9 through16.

Defendant objects to Plaintiff's assertion as fact in paragraph **18** that this was not the first time she defaulted on a tax loan involving defendants Charles Cowin and Matherne  because Plaintiff has not offered  one scintilla of evidence to support this allegation.

Defendant objects to Plaintiff's assertions as facts in paragraph **19**.

Defendant objects to Plaintiff's assertion as fact in paragraph **23** that these transactions between Groves, Cowin and later Dampkring, were not isolated transactions, but were part of a larger scheme to defraud mortgagees such as BAC.

Defendant objects to Plaintiff's assertions as facts in paragraph **25** because Plaintiff

merely asserts its own conclusion regarding Groves' motivation to purchase real property and reasons for defaulting on loans. In addition, Dampkring was the lender on the Willis-Pomares property not Charles Cowin.

## OBJECTION TO PLAINTIFF'S CONCLUSIONS OF LAW

Defendant objects to Plaintiff's Conclusions of Law and specifically asserts that BAC has failed to establish (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the granting of an injunction will not disserve the public interest.  BAC has failed to make a sufficient showing of these elements.

Defendant objects to paragraphs 1; 3-30; and demands strict proof thereof at trial on the merits.  In addition, to enjoin Nancy Groves from selling assigning, transferring, or encumbering any interest she may have in any real or personal property, will be unduly burdensome.

Moreover Plaintiff must allege the following elements for a RICO claim:  (1) that a "person" within the scope of the statute, (2) has utilized a "pattern of racketeering activity" with the proceeds thereof, (3) to infiltrate an interstate "enterprise", (4) by [violations of section 1962 subsections] (a) investing income derived from the pattern of racketeering activity in the enterprise; (b) acquiring or maintaining an interest in the enterprise through the pattern of racketeering activity; (c) conducting the affairs of the enterprise through the pattern of racketeering activity; and (d) conspiring to commit any of the above acts.  A RICO claim must be pled with specific facts, not mere conclusions, which establish the elements of a claim under the statute.  Plaintiff's Complaint fails to assert facts sufficient to establish the elements of a RICO claim.  Plaintiff's have done nothing more than weave a short story full of

self serving statements that do not allege facts sufficient to establish a violation of the RICO statute or any valid state statute.

Plaintiff has failed to show an interstate enterprise investing income derived from the pattern of racketeering or any facts to support the likelihood that it could prevail on such a claim.

Defendant respectfully requests that this Court deny Plaintiff's request for a preliminary injunction or in the alternative grant Defendant Groves the due process previously denied by allowing her the opportunity to present evidence at a reconvened preliminary injunction hearing.

Respectfully submitted,

By: *[signature]*
NANCY GROVES


P.O. Box 740969
Houston, Texas 77274
Tel. (713) 854-6154

## CERTIFICATE OF SERVICE

I certify that on June 25, 2010, a true and correct copy of Defendant's Objections to Plaintiff's Proposed Findings of Fact and Conclusions of Law was served by facsimile on Joshua J. Bennett at 214-981-9339 at AKERMAN SENTERFITT, LLP. Plaza of the Americas, Suite S1900, 600 North Pearl Street, Dallas, Texas 75201.

NANCY GROVES