IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAC HOME LOANS SERVICING, LP, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-09-2539 |
| | § | |
| TEXAS REALTY HOLDINGS, LLC, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Having reviewed the Magistrate Judge's Memorandum and Recommendation and defendant's objections thereto, the court is of the opinion that defendant's objections should be **OVERRULED**.

The Magistrate Judge's Memorandum and Recommendation was filed on July 6, 2010. Dkt. 120. Defendant Nancy Groves ("Defendant") filed objections to the Memorandum and Recommendation on July 20, 2010. Dkt. 121. Defendant argued that Plaintiff failed to show it was an agent of the holders of the notes and deeds of trust, and so Plaintiff did "not have a right to payment or property . . . ." Dkt. 121. On August 10, 2010, the court ordered Plaintiff to "supplement the record to demonstrate that it [was] the agent of the holders of the notes and deeds of trust at issue, and therefore [had] a claim on the property." Dkt. 125. Plaintiff timely submitted the evidence. Dkt. 126.

Texas law holds that "[a]gency is the consensual relationship between two parties when one, the agent, acts on behalf of the other, the principal, and is subject to the principal's control." Indian Harbor Ins. Co. v. Valley Forge Ins. Group, 535 F.3d 359, 364 (5th Cir. 2008)(internal quotation

omitted). "To prove agency, evidence must establish that the principal has both the right: (1) to assign the agent's task, and (2) to control the means and details of the process by which the agent will accomplish that task." Id. (internal quotation omitted).

Based on the evidence submitted by Plaintiff, the court determines that BAC is the mortgage servicer on the three accounts in question. Dkt. 126. The servicing agreements reveal that Plaintiff meets the definition of "agent" in relation to the holders of the notes and deeds of trusts.[1] Dkt. 126. In pertinent part the servicing agreements stipulate that Plaintiff "[f]or and on behalf of the Certificateholders . . . shall service and administer the Mortgage Loans for which it is acting as Servicer in accordance with the terms of this Agreement . . . ." Dkt. 126-7 at 65. Moreover, the agreements obligated Plaintiff to "maximize the timely and complete recovery of principal and interest on the Mortgage Notes." Id. The agreements also prohibited Plaintiff from making "future advance with respect to a Mortgage Loan . . . ." Id. Therefore, the note holders have both the right: (1) to assign the Plaintiff's task, and (2) to control the means and details of the process by which Plaintiff will accomplish that task.

As a result, BAC fits the definition of "creditor" for the purposes of the Texas Uniform Fraudulent Transfer Act ("TUFTA") because it is an agent for the creditors who hold the notes and deeds of trust on the relevant properties. Tex. Bus. & Com. Code Ann. § 24.002(4). Since the creditors who hold the notes and deeds of trust on the relevant properties have a valid TUFTA "claim," BAC too has a claim on the properties and, thus, has a right to payment for the property or a right to the property itself if payment is not made. Id.

---

[1] Although the three agreements use different language they all create the same rights and responsibilities to fulfill the 'agency' test. See Dkt. 126-1 at 60-78 and Dkt. 126-6 at 77-99.

It is, therefore, **ORDERED** that the Memorandum and Recommendation is hereby **ADOPTED** by this court.

The Clerk shall send copies of this Order to the respective parties.

**SIGNED** at Houston, Texas on September 8, 2010.

_____
Gray H. Miller
United States District Judge