UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAC HOME LOANS SERVICING, L.P., § | | |
|     *Plaintiff*, § | | |
| § | | |
| v. § | | CIVIL ACTION H-09-2539 |
| § | | |
| TEXAS REALTY HOLDINGS, LLC, *et al.*, § | | |
|     *Defendants*. § | | |

**ORDER**

Pending before the court are the following: (1) Plaintiff Nick Tran's motion for final judgment against defendant Charles Cowin ("Cowin"); and (2) Plaintiff BAC Home Loans Servicing, L.P.'s ("BAC") motion for entry of agreed judgment against Cowin. Dkts. 300, 304.

**1.  Tran's Motion to Enter Judgment on Jury Verdict**

On January 23, 2013, a duly-impaneled jury rendered a verdict with answers to written questions on Tran's claims against Cowin. Dkt. 291. The jury found that Cowin committed fraud, conspiracy, negligence, negligent misrepresentation, and knowingly or intentionally violated the Texas Deceptive Trade Practices Act (the "DTPA"). *Id.* Tran now requests that the court enter judgment on the jury verdict. Dkt. 300. Pursuant to the jury's findings, Tran elects to recover on his DTPA claims, of which the jury found Cowin was a producing cause of damages in the amount of $126,278.00. Dkt. 300-3 at 2. And because the jury found that Cowin knowingly or intentionally violated the DTPA, Tran moves for additional damages totaling $252,556.00, which is twice the actual damages. *Id.* Tran also requests $147,744.20 in attorneys' fees and expenses and pre-judgment interest at the rate of 5% per annum, to be paid from August 7, 2009 until the date of judgment. *Id.* at 3. Lastly, Tran requests post-judgment interest at the rate of 5% per annum, from the date of judgment until the date the judgment is paid. *Id.*

The jury found in Tran's favor on all of the questions submitted to them. Dkt. 291. Under Texas law, Tran is permitted to elect his remedy after verdict and prior to judgment when he recovers on alternative theories of relief. *Fisher v. Miocene Oil & Gas Ltd.*, 335 F. App'x 483, 486 n.4 (5th Cir. 2009) (applying Texas law on election of remedies). As the verdict supports recovery on Tran's DTPA claims, Tran is entitled to actual damages in the sum of $126,278.00. *See* Dkt. 291 at 2–5.

Moreover, because the jury found that Cowin knowingly or intentionally engaged in conduct that violated the DTPA, Tran would ordinarily be entitled to additional damages under the DTPA. *See* TEX. BUS. & COM. CODE § 17.50(b)(1) (providing for the factfinder to assess damages up to three times the economic damages award after finding that the conduct of the defendant was committed knowingly or intentionally); *Martin v McKee Realtors, Inc.*, 663 S.W.2d 446, 447 (Tex. 1984). But here, although the jury found that Cowin acted knowingly or intentionally, Tran did not request that the jury award additional discretionary damages under the DTPA. This error is not incidental or immaterial, and it would be reversible error for the court to usurp the jury's factfinding role and award additional statutory damages. In *Martin*, the Texas Supreme Court stated:

> The wording of § 17.50(b)(1) compels the conclusion that, in a jury trial based upon the DTPA, a plaintiff who seeks to recover discretionary damages must request a jury issue on such damages. The plaintiff's failure to do so results in a waiver of those damages.

*Martin*, 663 S.W.2d at 448; *see also Town E. Ford Sales, Inc. v. Gray*, 730 S.W.2d 796, 811 (Tex. App.—Dallas 1987, no writ) (holding under similar circumstances to *Martin* that "it was error for the trial court to assess such discretionary damages"). Accordingly, the court holds that Tran is not entitled to additional damages under the DTPA because the factfinder did not make the appropriate findings at trial.

Tran next requests $147,744.20 as reasonable and necessary attorneys' fees and expenses. *See* Dkt. 300, Ex. B (affidavit of Kevin Cloves) at 1–2; § 17.50(d) ("Each consumer who prevails [under the DTPA] shall be awarded court costs and reasonable and necessary attorneys' fees"). After reviewing Tran's fee bills, Tran Trial Exs. 7–10, the court finds that Tran's requested fees and expenses were reasonable and necessary. Accordingly, the court will award Tran $147,744.20 in attorneys' fees and expenses for the successful prosecution of his action against Cowin.

Lastly, Tran moves for pre-judgment and post-judgment interest. First, Texas law governs the determination of pre-judgment interest. *Bartholomew v. CNG Producing Co.,* 832 F.2d 326, 330–31 (5th Cir. 1987) (state law governs the award of pre-judgment interest when state law provides for pre-judgment interest as a substantive right); *Global Petrotech, Inc. v. Engelhard Corp.,* 58 F.3d 198, 203–04 (5th Cir. 1995) (awarding pre-judgment interest at the rate set by Texas law for DTPA claims). A prevailing party may recover simple pre-judgment interest that does not compound. TEX. FIN. CODE § 304.104. Further, as of the date of this judgment, the prevailing pre-judgment interest rate under Texas law is 5% per annum and accrues through the date preceding the day judgment is rendered. *See id.* §§ 304.103, 304.104, 304.003(c)(2).

Second, federal law, even in a diversity case, applies to awards of post-judgment interest. *See Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993) ("[A] court with diversity jurisdiction awards prejudgment interest according to state law, . . . but calculates postjudgment interest according to the federal rate."). The applicable federal interest rate for the calendar week preceding Tran's judgment in this case is 0.12% per annum.[1] That statutory rate, and

---

[1] This rate is equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the week ending April 19, 2013. *See* 28 U.S.C. § 1961(a) (specifying the source of the prevailing federal judgment interest rate); *Selected Interest Rates*, FED. RESERVE BD. OF GOVERNORS, 1 (last accessed Apr. 23, 2013), http://www.federalreserve.gov/releases/h15/current/h15.pdf.

not the higher 5% judgment rate under Texas law, applies to Tran's award of post-judgment interest in this court. *Harris v. Mickel*, 15 F.3d 428, 431 n.4 (5th Cir. 1994) (finding that the federal statutory rate is procedural in nature, as it confers no right in and of itself, and thus federal law applies in a diversity action to determine post-judgment interest).

The court further finds that Tran's suit against Cowin should be concluded, even as BAC's claims against defendants Nancy Groves and G.P. Matherne remain extant pending completion of settlement. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the court finds that Tran's claims are finally adjudicated and immediately appealable, as there is no just reason for delay, and the court directs entry of final judgment as to Tran's claims against Cowin only.

**2.     BAC's Motion for Entry of Agreed Judgment Against Cowin**

Before the jury rendered its verdict against Cowin on Tran's claims, discussed above, BAC had proceeded through four days of trial against Cowin and the other defendants. On January 22, 2013, the fifth day of trial, BAC settled its claims with Cowin. *See* Dkt. 283; Dkt. 304, Ex. 2 (settlement agreement). Cowin agreed to a judgment in favor of BAC in the amount of $750,000.00, to be presented to the court for entry on or after September 1, 2013. Dkt. 304, Ex. 2 at 1 ¶¶ 1–2. The parties agreed, however, that if Cowin filed for bankruptcy "prior to the entry of the agreed judgment, [BAC] shall immediately be entitled to seek relief from the automatic bankruptcy stay to enter the agreed judgment." *Id.* at 2–3 ¶ 7.

On February 21, 2013, Cowin filed a chapter 7 petition for bankruptcy in the Southern District of Texas, Houston Division, and the case was assigned to Chief Judge Jeff Bohm. *In re Charles Cowin*, Case No. 13-30984 (Bankr. S.D. Tex. filed Feb. 21, 2013). Pursuant to 11 U.S.C. § 362(a)(1), Cowin's filing triggered an automatic stay of BAC's case. However, on March 21, 2013, Chief Judge Bohm lifted the automatic stay with respect to this case and authorized this court

to "take any steps" to proceed towards a just and prompt resolution of this civil action. *See In re Charles Cowin*, Case No. 13-30984, slip. op. at 2–3 (Bankr. S.D. Tex. Mar. 21, 2013). After the lift stay order was issued, BAC filed a motion to enter the agreed judgment pursuant to the terms of the settlement agreement. Dkt. 304 at 2–3. Cowin did not respond to BAC's motion, and the court construes this failure to respond as a representation of non-opposition. *See* S.D. TEX. L.R. 7.4.

After considering BAC's motion and the applicable law, BAC's motion to enter the agreed judgment against Cowin (Dkt. 304) is **GRANTED**.

### 3. Conclusion

Tran's motion for entry of final judgment (Dkt. 300) is **GRANTED**, and the court will enter a separate, immediately appealable final judgment consistent with this opinion. BAC's motion for entry of agreed judgment against Cowin (Dkt. 304) is **GRANTED**, and the court will sign and enter the agreed judgment against Cowin.

It is so **ORDERED**.

Signed at Houston, Texas on April 24, 2013.

_____
Gray H. Miller
United States District Judge

5